IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS EDWARD ISENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-806 |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 15th day of September, 2020, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on February 24, 2020, AND, further, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) and brief in support thereof (Doc. No. 13), filed on March 23, 2020, and in consideration of Plaintiff's supplemental briefs (Doc. Nos. 14 and15), filed on April 8 and May 8, 2020, respectively,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED and that Defendant's Motion for Summary Judgment is DENIED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff argues that he is entitled to the Social Security disability benefits previously paid to Anita Cipro, who died on July 19, 2016, because he and Ms. Cipro had entered into a common law marriage in August of 2003. As evidence of this union, he submitted a January 30, 2017

Decree from the Honorable Robert G. Yeatts, Judge for the Mercer County Court of Common Pleas, Orphans Court Division, establishing that he and Ms. Cipro had entered into a valid common law marriage at a ceremony that took place on August 15, 2003. Judge Yeatts entered a declaratory judgment that Plaintiff and Ms. Cipro satisfied the requirements for a common law marriage from the date of the ceremony until Ms. Cipro's death in 2016 and recognized them as husband and wife. Despite this Decree, the Administrative Law Judge ("ALJ") in this case found that Plaintiff had not entered into a valid marriage, common law or ceremonial, and that he was not entitled to Widower's Insurance Benefits ("WIB") under the Social Security Act. The Court finds that this decision is not supported by that substantial evidence and therefore will remand the case for further consideration of the matter.

42 U.S.C. § 402(f) provides that a widower may collect WIB benefits for his deceased spouse provided that certain criteria have been met. This includes, of course, that the claimant has established a relationship to the insured as a husband. See 42 U.S.C. § 416(g)(1)(E); 20 C.F.R. § 404.335. In determining the claimant's relationship to the insured, the Commissioner must look to the laws of the state where the insured was domiciled at the time of her death, in this case, the Commonwealth of Pennsylvania. See 42 U.S.C. § 416(h)(1)(A); 20 C.F.R. § 404.344; Visconti v. Sec. of Health, Ed. & Welfare, 374 F. Supp. 1272, 1275 (W.D. Pa. 1974). Although the ALJ was correct in applying Pennsylvania law in making his determination as to Plaintiff's marital status, the Court finds that his analysis did not fully and accurately address the requirements under Pennsylvania law for the establishment of a common law marriage.[1]

---

[1] As the ALJ noted, common law marriage was abolished by the Pennsylvania legislature effective January 1, 2005. See 23 Pa. C.S. § 1103. However, as the ALJ further notes, this statute

The parties frame the issue in this case as whether the ALJ was bound by the 2017 Mercer County Orphans Court Decree finding that Plaintiff had established that a common law marriage existed between himself and Ms. Cipro from August 15, 2003 through July 19, 2016.  However, that is not the relevant determination to be made.  Even if the Court were to assume that the ALJ properly found that he was not bound by the Decree, it would find that he misapplied Pennsylvania law in any event.[2]

There are two types of marriage acknowledged under Pennsylvania law – ceremonial and common law.  See Staudenmayer v. Staudenmayer, 714 A.2d 1016, 1019 (Pa. 1998) (citing In re Estate of Manfredi, 159 A.2d 697, 700 (Pa. 1960)).  Plaintiff does not allege that he entered into a ceremonial marriage with Ms. Cipro, so the issue is whether they entered into a common law union.  "A common law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that."  Id at 1020 (citing Commonwealth v. Gorby, 588 A.2d 902, 907 (Pa. 1991)).  No specific form of words is required, "and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time."  Id. (citing Estate of Gavula, 417 A.2d 168, 171 (Pa. 1980)).  Accordingly, all that is generally required to establish proof of common law marriage is

---

does not apply to Plaintiff's claim of a common law marriage since he alleges that it commenced in 2003.

[2]     The Court notes that it does not appear that the Commissioner was a party to the Orphans Court proceedings or that those proceedings were genuinely contested by parties with opposing interests.  As such, pursuant to Social Security Ruling 62-62c, 1962 WL 3566 (S.S.A. 1962), and Social Security Ruling 83-37c, 1983 WL 31272 (S.S.A. 1983), it is likely that the Orphans Court Decree was not binding on the ALJ.  However, the Court need not reach this issue and, instead, leaves it for the Commissioner to make the proper findings regarding this issue on remand.

language in the present tense.  See id. (citing In re Estate of Wagner,159 A.2d 495, 498 (Pa. 1960)).

Therefore, the fundamental question under Pennsylvania law is whether the parties entered into a contract of marriage.  In the ***absence*** of testimony regarding the exchange of intentions *verba in praesenti*, a party can create a rebuttable presumption in favor of a common law marriage by proving (1) constant cohabitation and (2) a reputation of marriage which is not partial or divided but is broad and general.  See Staudenmayer, 714 A.2d at 1020-21.  However, such proof is not necessary where there is testimony purporting to establish an exchange of words in the present tense, spoken with the specific purpose of creating the legal relationship of husband and wife.  Rather, "[a] plaintiff may prove the existence of such a contract in a variety of ways: by producing a written contract signed by both parties; ***or*** by the testimony of witnesses to the 'ceremony'; ***or*** by sufficient proof of cohabitation and reputation of marriage so that a rebuttable presumption of marriage arises." Atkins v. Heckler, 574 F. Supp. 634, 635–36 (E.D. Pa. 1983) (citing McGrath's Estate, 179 A. 599, 599 (Pa. 1935)) (emphasis added).  "[A]ll that is essential," then, "is proof of an agreement to enter into the legal relationship of marriage at the present time." Staudenmayer, 714 A.2d at 1020.

Here, as noted, there was a significant amount of evidence in the record regarding an informal ceremony involving Plaintiff and Ms. Cipro in August 2003 during which they exchanged rings and verbally committed to being husband and wife.  Although the ALJ found that this "ring ceremony" did not constitute a ceremonial marriage under Pennsylvania law (R. 15), he did not consider whether evidence of such a ceremony would establish – even without the rebuttable presumption created by proof of cohabitation and reputation – the existence of an

4

agreement to enter into the legal relationship of marriage at the present time. This is inconsistent with Pennsylvania law.

The situation in this case is very similar to that in Atkins, where the court held that the ALJ had misconstrued Pennsylvania law by failing to consider whether a present tense agreement to become man and wife, even in the absence of cohabitation and reputation, was sufficient to show a common law marriage. In Atkins, as in this case, the ALJ had found that evidence presented by the plaintiff was "inadequate to support a finding of reputation as husband and wife and held there was no common-law marriage on that basis." 574 F. Supp. at 636. However, there, as here, the plaintiff had testified that the deceased insured had given her a wedding ring, saying that he considered her to be his wife, and that she responded in kind. See id. The court in Atkins stated that "[i]f the ALJ were to find this evidence credible and find further that it showed the intent of the parties to be married at the present time, that alone would be sufficient evidence that a common-law marriage existed," and that the ALJ had failed to make a specific finding on this point. Id. See also Washington v. Hamilton, No. 1582 MDA 2013, 2015 WL 6179506, at *3 (Pa. Super. Ct. Jan. 26, 2015) (approving the determination that the parties formed a common law marriage "by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife [was] created.").

Similarly, in this case, if credible, evidence that Plaintiff and Ms. Cipro had expressed an intent to be married *verba in praesenti* in and of itself could establish a valid common law marriage, regardless of whether there was sufficient evidence of cohabitation and reputation to establish the rebuttable presumption. The ALJ, while finding that the alleged ceremony did not satisfy the requirements for a ceremonial marriage, failed to consider whether the ceremony itself

could establish that Plaintiff and Ms. Cipro had entered into a common law marriage in 2003. Accordingly, this case must be remanded for the ALJ to address this issue. The Court is cognizant that the burden on Plaintiff to prove the existence of a common law marriage is heavy, and that, because Plaintiff is attempting to establish a marriage "without the usual formalities," the claim must be reviewed with "great scrutiny." Staudenmayer, 714 A.2d at 1020. Nonetheless, the ALJ must determine whether Plaintiff's claims of a ceremony in which vows were exchanged, in light of all the evidence in the record, can meet this threshold.[3]

Therefore, because there is insufficient analysis as to whether evidence of a ring ceremony in August of 2013, even in the absence of a rebuttable presumption, was sufficient to establish that Plaintiff was, in fact, Ms. Cipro's husband, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, the Court remands the case for further consideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[3]    Evidence of cohabitation and reputation is still relevant in that "it could corroborate the spouse's account of what had occurred and the factfinder could consider that evidence in determining whether the evidence of the marital agreement was credible." Atkins, 574 F. Supp. at 636 (citing McGrath's Estate, 179 A. at 599). "It is within this context that the ALJ should have evaluated plaintiff's evidence of cohabitation and reputation." Id.